UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUBY KANDAH,

          Plaintiff,

      v.

BETFAIR INTERACTIVE US LLC, et al.,

          Defendants.

Case No. 26-cv-03525-TSH

**ORDER TO SHOW CAUSE RE:
SUBJECT MATTER JURISDICTION**

On February 18, 2026, Plaintiff Ruby Kandah filed suit against Defendants Betfair Interactive US LLC ("Betfair") and Fanduel, Inc. ("Fanduel") in San Francisco County Superior Court (Case No. CGC-26-634124), alleging claims for: (1) Discrimination; (2) Failure to Prevent Discrimination; (3) Retaliation; (4) Adverse Employment Action; (5) Wrongful Termination; (6) Defamation; (7) Intentional Interference with Prospective Economic Advantage; (8) Negligent Interference with Prospective Economic Advantage; (9) Post Termination Misrepresentation; and (10) Unfair Competition. Not. of Removal, Ex. 1 ("Compl.") (ECF No. 1-1 at 9). On April 24, 2026, Defendants removed the case to this Court, asserting that the Court has jurisdiction over Kandah's claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Not. of Removal at 3–5 (ECF No. 1).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v.*

*Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States," or "citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(1)–(2).

Here, there is no federal question jurisdiction because Kandah's claims all arise under state law. *See* Compl. at 1. In the Notice of Removal, Defendants aver that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Not. of Removal at 3–5. Defendants allege that Betfair is "a limited liability corporation incorporated/organized under the laws of Delaware . . . with its principal place of business in New York." *Id.* Defendants further allege that Fanduel "is incorporated/organized under the laws of Delaware, with its principal place of business in New York." *Id.* According to Defendants, complete diversity exists because Kandah "is a citizen of California, and Defendants are not." *Id.* As the parties asserting diversity jurisdiction, Defendants bear the burden of proving that diversity jurisdiction exists. *See Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction is upon the party asserting it[.]") (citation omitted). "Generally, LLC's are citizens of every state in which their owners/members are citizens." *Prairie Fire, LLC v. Van Vraken Enters., Inc.*, No. 13-cv-2772-JSC, 2013 WL 12149698, at *1 (N.D. Cal. Sept. 26, 2013) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (cleaned up). Thus, Betfair's citizenship depends on the citizenship of its members and owners. However, Defendants have failed to include any allegations as to the citizenship of Betfair's members and owners.

Accordingly, Defendants are **ORDERED TO SHOW CAUSE** as to the citizenship of any

United States District Court
Northern District of California

2

members or owners of Betfair Interactive US LLC. Defendants shall file a written response to this Order by May 21, 2026. Failure to do so will result in a remand of this action for lack of subject matter jurisdiction. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) ("If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'") (quoting 28 U.S.C. § 1447(c)).

**IT IS SO ORDERED.**

Dated: May 13, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3