UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUBY KANDAH,

          Plaintiff,

    v.

BETFAIR INTERACTIVE US LLC, et al.,

          Defendants.

Case No. 26-cv-03525-TSH

**ORDER DISCHARGING SHOW CAUSE ORDER, INVITNG DEFENDANTS TO FILE AMENDED NOTICE OF REMOVAL**

On February 18, 2026, Plaintiff Ruby Kandah filed suit against Defendants Betfair Interactive US LLC ("Betfair") and Fanduel, Inc. ("Fanduel") in San Francisco County Superior Court.  Not. of Removal, Ex. 1 ("Compl.") (ECF No. 1-1 at 9).  On April 24, 2026, Defendants removed the case to this Court, asserting that the Court has jurisdiction over Kandah's claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Not. of Removal at 3–5 (ECF No. 1).  In their Notice of Removal, Defendants allege that Betfair is "a limited liability corporation incorporated/organized under the laws of Delaware . . . with its principal place of business in New York." *Id.*  Because Defendants failed to include any allegations as to the citizenship of Betfair's members and owners, the Court issued an Order to Show Cause on May 13, 2026, ordering Defendants to provide information regarding the citizenship of any members or owners of Betfair.  ECF No. 10.

On May 21, 2026, Defendants responded to the OSC, stating that the sole member of Betfair is Fanduel, a Delaware corporation with a principal place of business in New York.  ECF Nos. 12, 13, 13-1.  Having reviewed Defendants' response, the Court is satisfied that it possesses jurisdiction over this matter based on diversity of citizenship.  Accordingly, the Court **DISCHARGES** the show cause order.

However, the Ninth Circuit has held "that a district court may not establish diversity of citizenship purely by judicial notice." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025). The court reiterated that the party invoking federal subject matter jurisdiction "*always* bears the burden of *both pleading and proving* diversity jurisdiction." *Id.* at 1175 (emphasis in original) (citation omitted). And the court explained that federal courts "have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction." *Id.* at 1177 (cleaned up); *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Here, because Defendants do not allege the citizenship of Betfair's members in the Notice of Removal, Defendants do not allege facts in the Notice of Removal establishing that complete diversity exists between the parties. *See generally* Not. of Removal. While Defendants included information about the citizenship of Betfair's sole member in their response to the Court's OSC, the Court cannot take judicial notice of those filings for the purpose of establishing that complete diversity exists. *Rosenwald*, 152 F.4th at 1174. Therefore, as in *Rosenwald*, the Court invites Defendants to amend their jurisdictional allegations because inviting amendment does not prejudice either party and doing so would not be futile. *Id.* at 1177; *see also Emeryville Redevelopment Agency v. Clear Channel Outdoor*, No. C-06-01279-WHA, 2006 WL 1390561, at *3 (N.D. Cal. May 22, 2006) (explaining district court has discretion to grant leave to amend a notice of removal to allow parties to clarify defective allegations).

Accordingly, Defendants may file an amended notice of removal by May 28, 2026, to cure their defective allegations of jurisdiction. Defendants shall only amend their allegations of jurisdiction; the Court does not grant Defendants leave to amend any other allegations in the Notice of Removal.

**IT IS SO ORDERED.**

Dated: May 22, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2